## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **ROBERT CARLOS DEL CID,** | § | |
| **TDCJ No. 2073807,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **Civil No. SA-19-CA-0766-FB** |
| | § | |
| **BOBBY LUMPKIN,[1] Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| | § | |
| **Respondent.** | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are petitioner Robert Carlos Del Cid's Petition for Writ of Habeas Corpus

pursuant to 28 U.S.C. § 2254 (ECF No. 1), petitioner's supplemental memorandum in support (ECF

No. 9), and respondent Bobby Lumpkin's Answer (ECF No. 23) thereto. Also before the Court are

petitioner's Reply (ECF No. 25) and respondent's Surreply (ECF No. 28). Having carefully considered

the record and pleadings submitted by both parties, the Court concludes petitioner's § 2254 petition is

barred from federal habeas review by the one-year statute of limitations embodied in the Antiterrorism

and Effective Death Penalty Act of 1996 (AEDPA). *See* 28 U.S.C. § 2244(d)(1). Petitioner is also

denied a certificate of appealability.

### I.  Procedural History

In June 2016, a Bexar County jury found petitioner guilty of murder and sentenced him to life

imprisonment. *State v. Del Cid*, No. 2016CR2819 (187th Dist. Ct., Bexar Cnty., Tex. June 16, 2016)

---

[1]The previous named respondent in this action was Lorie Davis. On August 10, 2020, Bobby Lumpkin succeeded
Davis as Director of the Texas Department of Criminal Justice, Correctional Institutions Division. Under Rule 25(d)
of the Federal Rules of Civil Procedure, Lumpkin is automatically substituted as a party.

(ECF No. 24-18 at 111-12).  Petitioner appealed to the Texas Fourth Court of Appeals which affirmed petitioner's conviction in an unpublished opinion.  *Del Cid v. State*, No. 04-16-00391-CR, 2017 WL 2852735 (Tex. App.–San Antonio, July 5, 2017, pet. ref'd); (ECF No. 24-4).  On January 24, 2018, the Texas Court of Criminal Appeals (TCCA) then refused his petition for discretionary review.  *Del Cid v. State*, No. 0782-17 (Tex. Crim. App.); (ECF No. 24-17).  Petitioner also challenged the constitutionality of his state court conviction by filing an application for state habeas corpus relief, but the TCCA eventually denied the application without written order on July 17, 2019.  *Ex parte Del Cid*, No. 89,973-01 (Tex. Crim. App.); (ECF Nos. 24-37, 24-43).

Petitioner initiated the instant proceedings by filing a *pro se* petition for federal habeas relief on June 24, 2019.  (ECF No. 1 at 10).  In the petition and supplemental memorandum in support he later filed (ECF No. 9), petitioner raises the same allegations that were rejected by the TCCA during his direct appeal and state habeas proceedings: (1) he was denied the right to counsel of his choice, (2) the trial court exceeded its authority under Texas law by refusing to dismiss appointed counsel once petitioner was able to hire private counsel, (3) he was denied the right to a fair and impartial jury due to the actions of the prosecution during voir dire, and (4) his trial counsel rendered ineffective assistance by failing to investigate and present mitigating evidence.

Respondent filed an answer to petitioner's § 2254 petition and supplemental memorandum on February 7, 2020.  (ECF No. 23).  In the answer, respondent argues that the allegations raised by petitioner are untimely and, in the alternative, do not warrant federal habeas relief under the AEDPA's deferential standard of review.  Thereafter, petitioner—now represented by counsel—filed a reply to respondent's answer (ECF No. 25) wherein he disputes respondent's assertion that his claims are untimely and provides additional briefing to the claims raised in his original petition.  The reply also

raises thirteen additional grounds for relief concerning the performance of his trial counsel. *Id*. at 38-40.

In the surreply that followed (ECF No. 28), respondent argues that petitioner has not, and should not,

be granted permission to amend his petition with the new allegations, which he contends are

unexhausted and procedurally barred.  In response, petitioner requested permission to amend his petition

with the new allegations pursuant to Rule 15 of the Federal Rules of Civil Procedure.  (ECF No. 30).

## II.  Timeliness Analysis

Respondent contends petitioner's federal habeas petition is barred by the one-year limitation

period of 28 U.S.C. § 2244(d).  Section 2244(d) provides, in relevant part, that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

In this case, petitioner's conviction became final April 24, 2018, ninety days after the TCCA

refused his petition for discretionary review and when the time for filing a petition for writ of certiorari

to the United States Supreme Court expired.  *See* Sup. Ct. R. 13; *Ott v. Johnson*, 192 F.3d 510, 513 (5th

Cir. 1999) ("§ 2244(d)(1)(A) . . . takes into account the time for filing a certiorari petition in

determining the finality of a conviction on direct review").  As a result, the limitations period under

§ 2244(d) for filing a federal habeas petition challenging his underlying state conviction and life

sentence expired a year later on April 24, 2019.  Because petitioner did not file his § 2254 petition until,

at the earliest, June 24, 2019—two months after the limitations period expired—his petition is barred

by the one-year statute of limitations unless it is subject to either statutory or equitable tolling.

A.      **Statutory Tolling**

Petitioner does not satisfy any of the statutory tolling provisions found under 28 U.S.C. § 2244(d)(1).  There has been no showing of an impediment created by the state government that violated the Constitution or federal law which prevented petitioner from filing a timely petition. 28 U.S.C. § 2244(d)(1)(B).  There has also been no showing of a newly recognized constitutional right upon which the petition is based, and there is no indication that the claims could not have been discovered earlier through the exercise of due diligence.  28 U.S.C. § 2244(d)(1)(C)-(D).

Similarly, petitioner does not qualify for statutory tolling under 28 U.S.C. § 2244(d)(2).  Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  Where a petitioner files his state post-conviction petition after the AEDPA deadline for seeking federal review has lapsed, however, the state petition does not operate to toll the one-year limitations period under § 2244(d)(2).  *See Richards v. Thaler*, 710 F.3d 573, 576 (5th Cir. 2013) (citing *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000)).  Thus, the burden is on the *pro se* prisoner to demonstrate that his pleadings were properly submitted for filing in a timely manner.  *See United States v. Duran*, 934 F.3d 407, 412 (5th Cir. 2019).

Under the prison mailbox rule, a prisoner's pleadings are considered filed on the date "he delivers the papers to prison authorities for mailing."  *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *see also Richards*, 710 F.3d at 578-79 (extending the prison mailbox rule to include post-conviction habeas corpus applications filed in Texas).  Here, petitioner contends that statutory tolling is warranted for the time his state habeas corpus application was pending because it was placed in the prison mailbox on April 24, 2019, the same day his deadline to seek federal habeas relief expired.  To

support his tolling argument, petitioner points to a signed but unsworn declaration he provided to the District Clerk of Bexar County (along with his state habeas application) stating the application was "placed in the prison mailbox on the 24th day of April, 2019."  (ECF No. 24-44 at 17).  Given this unsworn declaration, petitioner argues that it is "indisputable . . . that the State post-judgment writ was timely filed on April 24, 2019."  (ECF No. 25 at 9).  The Court disagrees.

To start, the Fifth Circuit and other courts have held that a prisoner's uncorroborated assertion that he placed his pleadings in the prison mail system in a timely manner is insufficient to meet his burden of proof.  *See Duran*, 934 F.3d at 413 (finding that the prisoner was not entitled to benefit from the mailbox rule based on his "bare assertion that he placed his motion in a housing unit mailbox"); *see also Ray v. Clements*, 700 F.3d 993, 995 (7th Cir. 2012) (observing that, where a *pro se* prisoner filing is not received by the state court as alleged, "the habeas petitioner must produce some evidence to support his sworn statement of timeliness"); *Romero-Barillas v. United States*, No. 5:19-cv-58, 2020 WL 1000167, at *3 (S.D. Tex. March 2, 2020) (finding that a prisoner's "unsubstantiated assertion" that he surrendered his motion to prison mail room personnel was insufficient to meet his burden to show that the mailbox rule applied) (citing *Duran*, 934 F.3d at 413).

Further, respondent has provided mail logs recorded by prison mail room personnel showing all outgoing legal mail from the facility where petitioner was assigned (the Darrington Unit) for the period of time relevant to his state habeas proceeding.  (ECF No. 23-1).  There is no entry in those records showing that petitioner placed any legal mail addressed to the District Clerk of Bexar County in the prison mail system on or before April 24, 2019.  Instead, the records show that petitioner did not place his state habeas application in the prison mailbox until April 26, 2019.  *Id*. at 10.  This is significant because petitioner's deadline to seek federal habeas relief under the AEDPA expired on

April 24, 2019; thus, as previously discussed, any state petition filed thereafter would not operate to toll the one-year limitations period under § 2244(d)(2).

Petitioner argues the mail logs provided by respondent are insufficient to refute his unsworn declaration because they are hearsay evidence that only demonstrate when the Darrington Unit mailroom *received* his state habeas application, not when petitioner *delivered* the application to the mailroom for mailing. Aside from the fact that petitioner's argument appears to be a distinction without a difference, the Supreme Court has recognized that mail logs can "readily dispute a prisoner's assertion that he submitted his papers on a different date." *Houston v. Lack*, 487 U.S. 266, 275 (1988). This is so because *pro se* prisoners do not anonymously drop pleadings in a public mailbox, but rather hand legal pleadings over to prison authorities "who have well-developed procedures for recording the date and time at which they receive papers for mailing[.]" *Id*. As such, contrary to petitioner's assertions, reference to the prison mail logs offers a "straightforward inquiry" into whether petitioner delivered his state habeas petition on the date he alleges.[2] *Id*.

Again, "the burden is on the *pro se* prisoner to show when his pleading was tendered to prison officials for delivery to the court." *Duran*, 934 F.3d at 412. Petitioner has not alleged specific facts or offered any evidence that calls into question the reliability of the mail logs submitted by respondent in this case. Moreover, petitioner has failed to provide any independent evidence corroborating his unsworn declaration that he placed his state habeas application in the prison mail system on April 24,

---

[2] For this reason, federal district courts in Texas routinely rely on mail logs to determine filing dates in prisoner cases. *See, e.g., Green v. Davis*, No. 6:20-CV-336, 2021 WL 1141515, at *1 (E.D. Tex. Mar. 25, 2021) (reviewing mail logs to determine filing date of amended civil rights complaint); *Benitez v. Davis*, No. CV H-18-2958, 2020 WL 1815865, at *7 (S.D. Tex. Apr. 9, 2020) (finding a habeas petitioner's unsupported affidavit insufficient to establish that his filing was timely when contradicted by mail logs); *Gray v. Dretke*, No. 3:04-cv-2295, 2005 WL 1133860, at *3 (N.D. Tex. May 10, 2005) ("The best evidence of when petitioner deposited his writ in the prison mail system are the prison mail logs.").

-6-

2019.  Absent such evidence, petitioner has not demonstrated that the prison mailbox rule applies or that his state habeas application was filed before his federal statute of limitations expired.  As a result, his state habeas proceeding does not toll the limitations period pursuant to 28 U.S.C. § 2244(d)(2). Petitioner's limitations period for filing a federal petition still expired April 24, 2019—two months before the instant § 2254 petition was filed.

**B.**     **Equitable Tolling**

In some cases, the limitations period may be subject to equitable tolling.  The Supreme Court has made clear that a federal habeas corpus petitioner may avail himself of the doctrine of equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *McQuiggin v. Perkins*, 569 U.S. 383, 391 (2013) (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)).  However, equitable tolling is only available in cases presenting "rare and exceptional circumstances," *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002), and is "not intended for those who sleep on their rights."  *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012).

Petitioner fails to establish that equitable tolling should apply in this case.  In his reply, petitioner appears to request tolling based on the fact that, as a prisoner proceeding without the aid of an attorney, he had no choice but to rely on prison authorities to document the delivery of his state habeas application for mailing.  But such a circumstance is hardly extraordinary, as reliance on the mailbox rule and the prison mail system is something all prisoners have in common.  *See Sutton v. Cain*, 722 F.3d 312, 316-17 (5th Cir. 2013) (a garden variety claim of excusable neglect does not warrant equitable tolling).  Further, it is well-settled that a petitioner's ignorance of the law, lack of legal training or representation, and unfamiliarity with the legal process do not rise to the level of a rare or

exceptional circumstance which would warrant equitable tolling of the limitations period.  *U.S. v. Petty*, 530 F.3d 361, 365-66 (5th Cir. 2008).  Because petitioner has not met his burden of demonstrating a rare or extraordinary circumstance beyond his control caused the late filing of his federal habeas petition, equitable tolling does not apply.

Petitioner also fails to demonstrate that he has been pursuing his rights diligently.  Each of the allegations raised in petitioner's federal petition concern the constitutionality of his June 2016 conviction, yet petitioner did not submit his state habeas corpus application challenging this conviction until late April 2019, an entire year after his conviction became final following the TCCA's denial of his petition for discretionary review.  This delay alone weighs against a finding of diligence.  *See Stroman v. Thaler*, 603 F.3d 299, 302 (5th Cir. 2010) (affirming the denial of equitable tolling where the petitioner had waited seven months to file his state application); *North v. Davis*, 800 F. App'x 211, 214-15 (5th Cir. 2020) (unpublished) (finding an "eleven-month delay in filing his initial state application weighs against a finding of diligence.").

Because petitioner does not assert any specific facts showing that he was prevented, despite the exercise of due diligence on his part, from timely filing his allegations in this Court, his petition is untimely and barred by 28 U.S.C. § 2244(d)(1).

### III.  <u>Motion to Amend</u>

Finally, petitioner raised thirteen new ineffective-assistance-of-trial-counsel (IATC) claims for the first time in his reply brief and requests leave to amend his original petition with these new allegations.  (ECF Nos. 25, 30).  A petitioner's motion to amend must be considered in the context of the rules that apply in 28 U.S.C. § 2254 cases.  *Mayle v. Felix*, 545 U.S. 644, 654 (2005) (holding the Rules Governing Section 2254 Cases govern federal habeas proceedings launched by state prisoners).

Rule 12 provides that the "Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."  Rule 12, Rules Governing Section 2254 Cases.  The applicable civil rule is Rule 15(a)(2), which provides that a "court should freely grant leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).

Rule 15(a) evinces a liberal amendment policy and a motion to amend should not be denied absent a substantial reason to do so.  *See Jacobsen v. Osborne*, 133 F.3d 315, 318 (5th Cir. 1998).  In exercising its discretion, the Court may consider a variety of factors, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party[], and futility of the amendment."  *United States v. Trevino*, 554 F. App'x 289, 293 (5th Cir. 2014) (quoting *Jones v. Robinson Prop. Group, L.P.*, 427 F.3d 987, 994 (5th Cir. 2005)).  Leave to amend should be denied when doing so is required for fairness to the party opposing the motion for leave to amend.  *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321 (1971).

In this case, allowing petitioner to amend his petition with the new IATC claims at this late date would be futile because the claims are clearly barred by the AEDPA's limitations period.  *See* 28 U.S.C. § 2244(d)(1).  As set forth previously, the limitations period in this case for filing a federal habeas petition expired on April 24, 2019.  Petitioner did not raise these new allegations until March 2020 when he filed his reply to respondent's answer.  (ECF No. 25 at 38).  Because none of the allegations "relate back" to petitioner's original federal petition under  Federal Rule of Civil Procedure 15(c), the new claims are untimely by almost a year.

Claims raised in an amendment to a habeas petition do not automatically relate back merely because they arose out of the same trial and conviction.  *Mayle*, 545 U.S. at 650.  As the Supreme Court

explained, "[i]f claims asserted after the one-year period could be revived simply because they relate to the same trial, conviction, or sentence as a timely filed claim, AEDPA's limitation period would have slim significance."  *Id*. at 662.  Thus, whether an amended claim relates back to the date of an earlier filed pleading depends on whether that claim asserts a new ground for relief supported by facts that differ in both time and type from those set forth in the original pleading.  *Id*. at 650.  Only those claims in the amended pleading that are tied to a common core of operative facts as the claims in the original petition will relate back to the original petition and will be considered timely filed.  *Id*. at 664.

Petitioner's new IATC claims differ from the original IATC claim asserted in his federal petition (regarding counsel's failure to present mitigating evidence).  Although they are all IATC claims, "[n]ew claims of ineffective assistance of counsel do not automatically relate back to prior ineffective assistance claims simply because they rest on the same constitutional violation."  *United States v. Gonzalez*, 592 F.3d 675, 680 (5th Cir. 2009).  None of petitioner's new IATC claims involve counsel's failure to investigate or present mitigating evidence at punishment.  Rather, petitioner attempts to introduce new legal theories on facts different from the underlying original claim.  *See, e.g., Gonzalez*, 592 F.3d at 679 (quoted case omitted) (IATC claim does not relate back to original petition when original IATC claims involve an "entirely distinct type of attorney misfeasance" from the claim asserted in the amended pleading).

Because petitioner's new IATC allegations are completely unrelated to the IATC claim raised in his federal petition, the new claims do not relate back to the petition and are therefore barred by the statute of limitations by almost a year.  But even if the new claims did somehow relate back to the original IATC claim raised in the petition, they would still be untimely by two months for the reasons

discussed in the previous section.  As such, any amendment at this point would be futile.  Petitioner's request to amend his petition is therefore denied.

### IV.  Certificate of Appealability

The Court must now determine whether to issue a certificate of appealability (COA).  *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; *Miller–El v. Cockrell,* 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)).  A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The Supreme Court has explained that the showing required under § 2253(c)(2) is straightforward when a district court has rejected a petitioner's constitutional claims on the merits:  The petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).  This requires a petitioner to show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Miller–El*, 537 U.S. at 336 (citation omitted).

The issue becomes somewhat more complicated when the district court denies relief on procedural grounds.  *Id*.  In that case, the petitioner seeking COA must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack,* 529 U.S. at 484).  A COA should issue if the petitioner *not only* shows that the lower court's procedural ruling is debatable among jurists of reason*,* but also makes a substantial showing of the denial of a constitutional right.

A district court may deny a COA *sua sponte* without requiring further briefing or argument. *See Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000). For the reasons set forth above, the Court concludes that jurists of reason would not debate the conclusion that petitioner was not entitled to federal habeas relief. As such, a COA will not issue.

## V.  Conclusion

After careful consideration, the Court concludes that the claims raised in petitioner's § 2254 petition (ECF No. 1), as well as the new claims raised for the first time in petitioner's reply (ECF No. 25), are barred from federal habeas corpus relief by the statute of limitations set forth in 28 U.S.C. § 2244(d). As a result, petitioner is not entitled to federal habeas corpus relief.

Accordingly, **IT IS HEREBY ORDERED** that:

1.     Federal habeas corpus relief is **DENIED** and petitioner Robert Carlos Del Cid's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **DISMISSED WITH PREJUDICE** as untimely;

2.     Petitioner's Motion for Leave to Amend (ECF No. 30) is **DENIED**;

3.     No Certificate of Appealability shall issue in this case; and

4.     All remaining motions, if any, are **DENIED**, and this case is now **CLOSED**.

It is so ORDERED.

SIGNED this 3rd day of May, 2021.

                              FRED BIERY
                              UNITED STATES DISTRICT JUDGE